THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:19-cv-00623-MR

| | |
|---|---|
| SHIRLEY RAY NASH, ) ) Plaintiff, ) ) vs. ) ) ANDREW SAUL, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 13] and the Defendant's Motion for Summary Judgement [Doc. 15].

**I.    BACKGROUND**

On April 1, 2016, the Plaintiff, Shirley Ray Nash ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and an application for supplemental security income under Title XVI of the Act, alleging in both applications a disability onset date of April 1, 2010. [Transcript ("T.") at 26]. The Plaintiff's claims were initially denied on July 18, 2016, and again denied upon reconsideration on October 5, 2016. [Id.]. On the Plaintiff's request, a hearing was held on

August 17, 2018, before an Administrative Law Judge ("ALJ"). [Id.]. On November 5, 2018, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 23].

On September 24, 2019, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1, 5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date, and that the Plaintiff met the insured status requirements through June 30, 2014. [T. at 28]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "eczema, prurigo nodules, lichen sclerosus, intellectual disability, unspecified neurodevelopmental disorder, and unspecified depressive mood disorder." [Id.].

At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals

6

the Listings. [Id. at 29]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: the [Plaintiff] can have occasional interaction with coworkers and supervisors; minimal contact with the general public; and, the [Plaintiff] is limited to simple routine tasks.

[Id. at 32].

At step four, the ALJ identified the Plaintiff's past relevant work as a "Fast Food Worker" and a "Deli Worker." [Id. 35]. The ALJ determined, however, that the Plaintiff "is unable to perform any past relevant work." [Id.]. The ALJ stated that the Plaintiff "has at least a high school education." [Id.]. At step five the ALJ concluded that based on the Plaintiff's age, the determination that she had at least a high school education, work experience, and RFC the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including the professions of "Laundry Worker," "Sweeper," and "Hand Packager." [Id. at 35-36]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from April 1, 2010, the alleged onset date, through the date of the decision. [Id. at 36].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ failed to adequately explain his determination that the Plaintiff has at least a high school education level.

### A. Determining that the Plaintiff has a High School Education

The ALJ stated that the Plaintiff "has at least a high school education" without any discussion either before or after the statement that explains that determination. [T. at 35]. Although the Plaintiff concedes that she "completed twelfth grade and received a diploma" the Plaintiff argues that the ALJ erred by failing to consider contradictory evidence on the record including testimony from her sister, and test results indicating that the Plaintiff has a reading level "between the fourth and seventh grade," and the "listening comprehension of a seven-year-old at an approximate first-to-second grade level." [Doc. 14 at 23].

The vocational factors used to determine if a plaintiff can perform other work include the plaintiff's age, education level, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Education level is defined as a plaintiff's "formal schooling or other training which contributes to [his/her] ability to

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

meet vocational requirements." Id. §§ 404.1564(a), 416.964(a). In evaluating a plaintiff's educational level, the ALJ may determine that the plaintiff is illiterate, has a marginal education, has a limited education, or has a high school education and above. Id. §§ 404.1564(b), 416.964(b). A plaintiff determined to have a high school education has "abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above" and "can do semi-skilled through skilled work." Id. § 404.1564(b)(4).

The plaintiff's "numerical grade level that [he or she] completed in school may not represent [the plaintiff's] actual education abilities." 20 C.F.R. § 416.964(b). Therefore, the plaintiff's "grade level is only used to determine a claimant's educational abilities if there is no other evidence to contradict it." Hollars v. Saul, No. 5:18-cv-00166-MR, 2019 WL 5957219, at *3 (W.D.N.C. Nov. 11, 2019) (internal quotations omitted) (quoting Vanderpool v. Berryhill, No. 5:18-cv-00044-RJ, 2019 WL 118414, at *9 (E.D.N.C. Jan. 7, 2019)). The ALJ must explain how he determined the plaintiff's education level "where there is conflicting evidence" on the record. Hollars, No. 5:18-cv-00166-MR, 2019 WL 5957219, at *3.

In his decision, the ALJ found that the Plaintiff suffered from the "severe impairments" of "intellectual disability" and "unspecified neurodevelopmental

9

disorder." [T. at 28]. The ALJ also discussed different medical opinions in the record that found the Plaintiff had "below-average vocabulary, visual reasoning, processing speed, and verbal memory,"[2] and that the Plaintiff had a Full-Scale IQ of 72 "consistent with Borderline Intellectual Functioning."[3] [Id. at 29]. The Plaintiff's sister indicated that the Plaintiff was "always low functioning academically." [Id. at 678]. In the NC Neuropsychiatry Medical Report and IQ Testing from March 4, 2015, Dr. Barkenbus and PA Merrill concluded that the Plaintiff was totally dependent "in the area of finances, needing help with medications, housekeeping, food peroration and shopping" that an "[a]pplication for durable power of attorney would also be reasonable." [Id. at 678-79]. The results of the Plaintiff's "Draw-A-Person test" was the equivalent of the performance of a 13 to 14-year-old. [Id. at 678]. Other testing indicated that the Plaintiff had a word identification level equivalent to that of a fourth grader, a passage comprehension level

---

[2] The ALJ cited to the report by Dr. Barkenbus and PA Merrill. [T at 29]. It is noteworthy that though the ALJ cited this opinion, the ALJ never gave this opinion any weight as required. Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018) ("An ALJ must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning the claimant's conditions and limitations."). The Plaintiff does not raise the error on appeal, therefore the Court leaves it to be determined at remand.

[3] In neither the Plaintiff's education determination nor the Plaintiff's RFC did the ALJ account for the opinions of Dr. Marrone regarding Plaintiff's limitations. The ALJ, however, cites to Dr. Morrone's IQ determination, but does not account for any limitations resulting therefore.

equivalent to that of a sixth to seventh grader, and a listening comprehension level equivalent to that of a first to second grader. [Id. at 699].

Substantial evidence contradicts the ALJ's unsupported determination that the Plaintiff's educational "abilities in reasoning, arithmetic, and language skills acquired through formal schooling" rise to a "12th grade level or above." See 20 C.F.R. § 404.1564(b)(4). Therefore, the ALJ was required to explain his findings regarding the Plaintiff's educational abilities. See Hollars, No. 5:18-cv-00166-MR, 2019 WL 5957219, at *3. The ALJ failed to do so. He only made the conclusory finding that the Plaintiff has "at least a high school education." [See id. at 35-36].[4] Without an explanation of how the ALJ came to a determination "the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (citing Radford, 734 F.3d at 295).

---

[4] In her second assignment of error the Plaintiff argues that the ALJ did not properly weigh the opinion of Dr. Murrone. The Court notes that the ALJ did not account for the limitations determined by Dr. Murrone in the RFC analysis or discuss the weight given to the opinion. On remand, the ALJ should properly weigh all of the medical opinions and discuss all relevant evidence.

## VI. CONCLUSION

The ALJ erred by failing to explain his findings regarding the Plaintiff's educational level in light of the contradictory evidence contained in the record. See Vanderpool, 2019 U.S. Dist. LEXIS 2429, 2019 WL 118414, at *9. The reviewing Court cannot be left to guess as to how the ALJ arrived at his conclusions. Accordingly, remand is appropriate for the ALJ to consider the contradictory evidence and provide an adequate explanation for his findings.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **GRANTED** and that the Defendant's Motion for Summary Judgement [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge